to United States v. Diaz. Okay, you may proceed. Ms. Van Malden. May it please the Court, good morning. My name is Stacey Van Malden, and I am arguing today on behalf of Mr. Diaz. Mr. Diaz, back in 2014, there were a series of arsons up in the Bronx. After about a year, NYPD investigators discovered that Mr. Diaz had come into the hospital with burns on the night of one of the arsons, and they proceeded to track him down and question him. And what Mr. Diaz did, instead of remaining silent or wondering what type of HIPAA violation resulted in a hospital telling police officers that he received treatment for burns, he immediately started cooperating, first with the police, then the Bronx County District Attorney. Why do you think the government, in this case, was not entitled to decline to give him the 5K? Mr. Diaz, they entered into an agreement which had seven things they had to do. And what the government did was their entire case, they had nothing when they began other than what Mr. Diaz gave them. And what they ended up with was indictments against three others, a trial. I don't think there's any question that he provided cooperation and that it was substantial. The issue is that he breached the material terms of the agreement, which included not lying to the government, and he did that, right? Well, he admits that. I can't say that he did. He told the government. Wait, didn't he admit that he did? Mr. Diaz did. Did he admit to making false statements to the government? That's not what he didn't plead to, that. That's certainly, but. He didn't plead to it. No, but is that in dispute? There may be a dispute, because from what I understand, the facts were that there was one time he said that he did lie and then he walked it back. I thought I understood ultimately that he admitted to involvement in the first of the three fires. He initially did not. Exactly. He had initially said just the second, didn't know about the first or the third. Then I thought on confrontation, he admitted to involvement in the first, but still maintained that he wasn't involved in the third. In the third. That's exactly what happened. But that's a lie, right? Well. He admitted to he lied. He lied some. And he's not allowed to lie at all, right? He's not allowed to lie at all. This is because the government likes to get up in front of the jury to say, what happens if you lie, that this person has every incentive to tell the truth? Because if he lies, this thing gets ripped up. And you're saying that we should say, ah, come on, that's too tough. But the government negotiated for this deal, right? They did. And they also knew that when they were negotiating, they were negotiating with a career criminal who has mental and physical health issues. I'm not sure what we're supposed to make with that, because it sounds like what you're saying is that in as much as they take their witnesses, they get them. They should assume that someone who has a history of lying and criminality will never be able to abide by the provisions of the cooperation agreement. You don't want to say that, do you? No, I don't want to say that. But what I can say is that we've all been in proffer sessions, and that ordinarily, they don't, the defendants don't initially tell the whole truth. And they come. But after he signed the agreement, right? That's sort of the magic moment. You've signed this agreement. It says what you are obliged to do, and it tells you what happens if you don't. The, that's true. And I can't argue that. What I can argue, and the only thing I can argue here today, is that if the government did not believe what Mr. Diaz said and chose to believe his co-conspirators, why didn't, how could they rely on Diaz's evidence for these indictments? Don't they have to walk those back, too, if they've relied on Diaz's stuff? But the government didn't. They didn't dismiss the indictments and bring new ones or supersede. Because. What you're basically saying is that if your client breaches, then the government is obliged to give back all his cooperation. No. Instead, what they had to do is they had to cooperate two other people. Instead of using him as the one cooperator, they needed to cooperate two other people to substantiate the stuff he was supposed to tell them at the outset. I wouldn't say, what happened here is that, but for Mr. Diaz substantially performing his obligations under the agreement, then they wouldn't have had those two people to cooperate. This is not a case where it's, you know, there's one lie in a vast, vast trove of truth. There's, there's a lot of truth here. All the truths created the evidence that made the government able to indict the three others. You didn't argue substantial performance to Judge Pauly, did you? I did not. This is, this is. Anyway, even assuming that you did, it seems to me that where the agreement expressly recognizes as a material term things such as telling the truth, you don't really get to argue substantial performance in the event of a breach of one of those material terms. If it's a, there's big breaches and little breaches in contract law, and there's substantial performance, which is small breaches, substantial performance. And the only argument that I can make to you today is that, based on that agreement, he substantially performed. Oh, there were, there were, it was A through G. Small breach? I mean, do you think a jury would view that as a small breach? No, but the government was able, the government was not prejudiced by that particular small breach. They had to cooperate two others, and they could not use him as a witness at trial. The only thing that they would have needed him, they're all, all the witnesses, it wasn't that they were cooperating two others. Those two others chose, and the government agreed, to allow them to cooperate. This is not a, you know, people volunteer, I'll cooperate, but it's up to the government always to decide whether they're interested in the cooperation, and that doesn't occur until after they've proffered quite a few times. Of course, but perhaps had your client been more candid about the entire scope of his deed to bring on two other cooperators. My point still remains, he was useless as a trial witness, which was part of the reason they got him in the first instance. Is that not correct? I don't know that he was completely useless. I have seen witnesses admit that they lied on the stand, and the government bring them in and do it. You know, they, they have horrible, I mean, he's a career criminal. It would have taken them about, I don't know, half an hour just to go through all, and they knew this when they entered into the agreement. So maybe they didn't, they were never thinking of bringing him in as the trial witness, but certainly he was around for the grand jury. He's not, he was not presentable. He's not the kind of guy that you would want to throw up on the witness stand, especially if you've got two others who are a little bit more presentable with shorter criminal records. So. Ms. Van Walden, you've reserved three minutes for rebuttal. We'll now hear from Mr. McGinnis. Thank you. Good morning, and may it please the court. My name is Michael McGinnis, and I'm an assistant United States attorney in the Southern District of New York. I represent the United States on this appeal, as I did in the district court below. The district court did not plainly err in not finding the government to have breached the terms of the cooperation agreement. In fact, the defendant violated the terms of his cooperation agreement by failing to disclose the full extent of his criminal activity, and thereby rendering himself unusable as a trial witness. In addition to the fact that he was not able to be used as a trial witness, the government was also unable to introduce a recording between Mr. Diaz and the trial defendant, where the trial defendant largely admitted to the crime, and so the government experienced prejudice from the defendant's breach. In addition, the government lost the ability to charge the trial defendant with that crime. As a result of the defendant's breach, and in accordance with the terms of the cooperation agreement, the government was discharged from its obligation to file a section 5K letter at the time of sentencing. Accordingly, the government acted in good faith and did not breach the terms of the cooperation agreement when it declined to submit a 5K letter. And just to clarify briefly the kind of order of operations, the defendant denied involvement initially in the December 2013 fire, although he did admit it for the March 2014 fire. After the government approached Jonathan Martin, who provided the government with new information, and then confronted Mr. Diaz regarding the 2013 fire, where he then admitted to his involvement in it. At the time of sentencing, the PSR specifically acknowledges Mr. Diaz's involvement in that December 2013 fire. That was not objected to at the time of sentencing. So as a result, Judge Polly properly sentenced the defendant in accordance with the relevant mandatory minimum of 60 months. And we believe this court should affirm the district court below. Unless there are questions, the government will rest on its submission. Thank you. Okay, thanks very much. Ms. Van Molden, you've got three minutes. Perhaps instead of burying myself any further, if the court doesn't have any questions, I will just respectfully request that the sentence be vacated and be sent back for re-sentencing because of the government's breach of this agreement. I mean, look, the bottom line is it's not the first time this has come up. I mean, we've dealt with this before in published opinions, and it does seem that these agreements get to be enforced. So the substantial performance argument is one that's being made for the first time here, but it also overlooks an expressed term of the cooperation agreement, right? The only thing I can say to that, Your Honor, is that when you go to a most proffer sessions, I can't remember a defendant that actually told the truth immediately. It's always coming back. Or after signing the plea agreement and pleading guilty, at that point, you're on board, right? That's when you have the contract. Prior to that, you have proffer agreements that say the set of conditions, but we're not talking about a breach of the proffer agreement, we're talking about a breach of the cooperation agreement. And the breach, but like I said, this is supposed to be done under contract principles, substantial performance, and that are my arguments. Thank you for listening to it. Thank you. Thank you very much. All right.